UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PAMELA M. MCMINN,

                **Plaintiff,**

v.

                                                    18-CV-842-HKS

**NANCY A. BERRYHILL, Acting**
**Commissioner of Social Security,**

                **Defendant.**

## DECISION AND ORDER

        Plaintiff Pamela McMinn brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of Acting Commissioner of Social Security (the "Commissioner"), which denied her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Act. Dkt. No. 1. This Court has jurisdiction over this action under 42 U.S.C. § 405(g) and the parties have consented to the disposition of this case by a United States magistrate judge pursuant to 28 U.S.C. § 636(c). Dkt. No. 18.

        Both parties have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Dkt. Nos. 12, 15. For the reasons set forth below, Plaintiff's motion (Dkt. No. 12) is granted, and the defendant's motion (Dkt. No. 15) is denied.

**BACKGROUND**

On June 14, 2014, the plaintiff protectively filed applications for DIB and SSI with the Social Security Administration ("SSA") alleging disability since March 28, 2014, due to depression, high blood pressure, a heart problem and insomnia. Tr.[1],[2] 22 441, 451. On August 20, 2014, the plaintiff's claims were initially denied by the SSA. Tr. 317-329. On March 9, 2017, Plaintiff appeared with an attorney and testified before Administrative Law Judge, Stephen Cordovani ("the ALJ"). Tr. 267-316. A vocational expert ("VE") also testified during the hearing. *Id.* On May 8, 2017, the ALJ issued a decision finding the plaintiff not disabled within the meaning of the Act. Tr. 12-31. Plaintiff timely requested review of the ALJ's decision and submitted additional evidence, which the Appeals Council denied on February 23, 2018. Tr. 1-6. Thereafter, the plaintiff commenced this action seeking review of the Commissioner's final decision. Dkt. No. 1.

**LEGAL STANDARD**

**I.     District Court Review**

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by

---

[1] References to "Tr." are to the administrative record in this matter. Dkt No. 8.
[2] Plaintiff originally alleged an onset date of November 5, 2013 but requested that date be amended to March 28, 2014. Tr. 420-422.

substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

**II.     Disability Determination**

An ALJ must follow a five-step process to determine whether an individual is disabled under the Act. *See Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of

3

Regulation No. 4 (the "Listings").  20 C.F.R. § 404.1520(d).  If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled.  If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments.  *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work.  20 C.F.R. § 404.1520(f).  If the claimant can perform such requirements, then he or she is not disabled.  If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to demonstrate that the claimant "retains a residual functional capacity to perform the alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience.  *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ's decision analyzed the plaintiff's claim for benefits under the process described above.  First, the ALJ found the plaintiff met insured status requirements of the SSA through December 31, 2017.  Tr. 22.  At step one, the ALJ found that the plaintiff had not engaged in substantial gainful activity since March 28,

4

2014, the amended alleged onset date. *Id.* At step two, the ALJ found the plaintiff has the following severe impairments: coronary artery disease status post myocardial infarction with stenting; right carpal tunnel syndrome; major depressive disorder; anxiety disorder; and personality disorder. *Id.* At step three, the ALJ found that the plaintiff's impairments, alone or in combination, did not meet or medically equal any listings impairment. *Id.*

Next, the ALJ determined the plaintiff retained the RFC to perform light work with additional limitations.[3] Tr. 24. Specifically, she can frequently handle and finger with the right dominant hand; can frequently climb ramps and stairs but can never climb ladders/ropes/scaffolds; can occasionally kneel, crouch, crawl; can perform no work around unprotected heights or dangerous moving mechanical parts. *Id.* The ALJ also found Plaintiff can understand, remember and carry out simple and routine instructions and tasks; is able to work in a low-stress environment defined as involving no supervisory duties, no independent decision-making, no strict production quotas, and minimal changes in work routine and processes; and can tolerate frequent interaction with supervisors, co-workers and the general public. *Id.*

---

[3] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. § 404.1567

At step four, the ALJ relied on the VE's testimony and found that the plaintiff was unable to perform her past relevant work as a "Telemarketer" (DOT #299.357-014) Specific Vocational Preparation ("SVP") level of 3, with a sedentary level of exertion, noting that Plaintiff is limited to unskilled work. Tr. 27. At step five, the ALJ considered the plaintiff's age (49 on the amended alleged disability onset date); high school education; ability to communicate in English; work experience; RFC; and concluded based on the VE's testimony that the plaintiff was capable of performing other work that existed in significant numbers in the national economy. Tr. 28. Specifically, the ALJ found the plaintiff could perform the following unskilled SVP 2 jobs requiring a light level of exertion: "Mail Clerk" (DOT 209.687-026); "Merchandise Marker" (DOT 209.587-034); and "Cleaner/Housekeeper" (DOT 323.687-014). *Id.* Accordingly, the ALJ found the plaintiff was not disabled from March 28, 2014, through May 8, 2017. Tr. 29.

## II.     Analysis

Plaintiff argues that remand is warranted because additional material evidence she submitted to the Appeals Council rendered the ALJ's decision unsupported by substantial evidence. Dkt. No. 12, at 14. [4] The Commissioner contends the decision is supported by substantial evidence, free from harmful legal error and should be affirmed. Dkt. No. 15 at 3.

---

[4] Plaintiff presents other arguments in favor of remanding this matter. Dkt. No. 12, at 17, 24, 26. However, because this Court finds remand is warranted based on the Appeals Council's error, those arguments are not addressed.

## A. Additional Evidence Submitted to the Appeals Council warrants remand.

"[N]ew evidence submitted to the Appeals Council following the ALJ's decision becomes part of the administrative record for judicial review when the Appeals Council denies review of the ALJ decision." *Perez v. Chater*, 77 F.3d 41, 45 (2d Cir.1996). The Appeals Council will review a case if it receives new and material evidence that relates to the period on or before the date of the hearing decision, and if there is a reasonable probability that the evidence would change the outcome of the decision. 20 C.F.R. §§ 404.970(b), 416.1470 (b). "If the Appeals Council denies review of a case, the ALJ's decision, and not the Appeal's Council's, is the final agency decision." *Lesterhuis v. Colvin*, 805 F.3d 83, 87 (2d Cir. 2015) (per curiam). However, in reviewing the Commissioner's decision, this Court must consider the substantiality of the ALJ's decision in light of the entire record, including the evidence considered by the ALJ *and* the evidence submitted to the Appeals Council. *See Perez,* 77 F.3d 41, 45-46 (2d Cir. 1996) (emphasis added). If the additional evidence submitted to the Appeals Council is consistent with the ALJ's findings, then the decision should be affirmed. *See id.* at 47. When the additional evidence submitted to the Appeals Council undermines the ALJ's decision, so that it is no longer supported by substantial evidence, remand is required. *Lavango v. Berryhill*, No. 16-CV-106-FPG, 2017 WL 2129491, at *3 (W.D.N.Y. May 17, 2017) ((citing *Brown v. Apfel*, 174 F.3d 59, 65 (2d Cir. 1999)).

In its decision denying review, the Appeals Council addressed the additional evidence submitted by Plaintiff, including medical record evidence from Andrew C. Hilburger, M.D. ("Dr. Hilburger"), dated January 12, 2016. Tr. 2. The

7

Appeals Council concluded that the January 12, 2016, record from Dr. Hilburger "did not show a reasonable probability that it would change the outcome of the decision." Tr. 2.

Here, Plaintiff contends the Appeals Council's conclusion is not supported by substantial evidence where the VE testified that an individual who was limited to only occasional handling and fingering with the right dominant hand would be unable to perform work as a "Mail Clerk," "Merchandise Marker" or "Cleaner/Housekeeping,"[5] which the ALJ found Plaintiff retained the RFC to perform. Dkt. No. 12 (citing Tr. 310-311). However, in making his RFC determination, the ALJ did not have access to the Physical Assessment Dr. Hilburger prepared for Plaintiff on January 12, 2016. In that assessment, Dr. Hilburger specifically opined Plaintiff could only grasp, twist, and turn objects with her right hand for twenty-five percent of an eight-hour workday; and could only finger with her right hand for fifty percent of an eight-hour workday. Tr. 40-41. In his decision, the ALJ accorded *significant weight* to Dr. Hilburger's January 13, 2016, statement that Plaintiff would need to "avoid repetitive grasping, turning and holding objects with the right hand,", as he found it was consistent with her carpal tunnel diagnosis, treatment and symptoms. Tr. 27.[6] Plaintiff asserts Dr. Hilburger's Physical Assessment details her limitations in handling *and* fingering with her right hand and

---

[5] The VE testified that the positions of "Mail Clerk," "Merchandise Marker" and "Cleaner/Housekeeping" require frequent handling and fingering. Tr. 310.
[6] Here, the Court notes that the ALJ relied on exhibit 21F, which states, "To whom it may concern: I treat Ms. McMinn for right carpal tunnel syndrome. She is unable to use her right hand repetitively for grasping, turning or holding objects." Tr. 786. The January 12, 2016 record that Plaintiff submitted to the Appeals Council is a two-page Physical Assessment comprised of seven specific questions assessing Plaintiff's physical functioning and includes a break-down of the percentage of time Plaintiff can perform repetitive reaching, handling or fingering. Tr. 40-41.

contradicts the ALJ's RFC determination that she is capable of frequent handling and fingering with her right dominant hand.  As a treating physician, the SSA's regulations instruct the ALJ to accord Dr. Hilburger's opinion "controlling weight" as long as it is "well-supported by medically acceptable … techniques and is not inconsistent with the other substantial evidence in [the record]."  *See Lesterhuis*, 805 F.3d at 88 (internal citations omitted).  Furthermore, the VE testified that an individual who is limited to only occasional handling and fingering with the right dominant hand would be unable to perform the jobs the ALJ designated for Plaintiff.

The Commissioner argues that the Appeals Council did not have to consider Dr. Hilburger's opinion because it was not "new" evidence where the opinion was available to Plaintiff before the ALJ rendered his decision, but Plaintiff failed to submit at the initial hearing level and has failed to demonstrate "good cause" for her failure to do so.  Dkt. No. 15 at 6-7.  (citing *Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir. 1988); *Lisa v. Sec'y of Dept. of Health and Human Services of U.S.*, 950.F.2d 40, 45 (2d Cir. 1991).  The Commissioner's argument is misplaced where both of the cases she relies upon involve evidence that was submitted to the District Court *after* the Commissioner's final decision was rendered.  *See Tirado*, 842 F.2d at 597; *Lisa*, 950 F.2d at 44.  Although Plaintiff's hearing counsel omitted the record at the initial hearing level, counsel retained by Plaintiff subsequent to the administrative hearing presented the evidence to the Appeals Council, therefore, it is properly within this Court's review. *See Perez,* 77 F.3d 41, at 45-46.

The ALJ's decision, as it stands, is unsupported by substantial evidence in light of the medical record before the ALJ and the additional records the plaintiff submitted to the Appeals Council. The Appeals Council erred in concluding that Dr. Hilburger's Physical Assessment of Plaintiff does not show a reasonable probability that it would change the outcome of the decision. Accordingly, this matter shall be remanded to the Commissioner to reevaluate Plaintiff's claim, considering all the evidence relevant to determining her disability. *See Lavango*, 16-CV-106-FPG, 2017 WL 2129491, at *5.

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 12) is GRANTED and the defendant's Motion for Judgment on the Pleadings (Dkt. No. 15) is DENIED and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion. The Clerk of Court is directed to enter judgment and close this case.

**SO ORDERED.**

DATED:   Buffalo, New York
         November 5, 2019

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**