UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PAMELA M.,

                      Plaintiff,                                            DECISION AND ORDER

v.                                                                      18-CV-842(HKS)

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.
_____

## INTRODUCTION

Plaintiff commenced this action on August 8, 2018, arguing that the Commissioner erroneously denied her claim for Social Security benefits.  Dkt. No. 1.  On July 6, 2021, I granted Plaintiff's Motion for Judgment on the Pleadings and remanded the case to the Commissioner for further proceedings consistent with my Decision and Order.  Dkt. No. 19.  A Judgment was entered in favor of Plaintiff on November 6, 2019.  Dkt. No. 20.  Currently before the Court is Plaintiff's Motion for Attorney Fees in the amount of $8,520.19 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412.  Dkt. No. 21.  The Commissioner argues that Plaintiff's counsel's fees should be reduced by 20% because she "block billed" her time and her request exceeds the 20-to-40 hour average for routine social security cases.  Dkt. No. 23.  For the following reasons, Plaintiff's Motion for Attorney Fees is granted.

## ANALYSIS

28 U.S.C. §2412(b) authorizes an award of "reasonable fees and expenses of attorneys . . . to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity."  By obtaining a remand in this case, Plaintiff is the "prevailing party" for purposes of the EAJA.  *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993).

A fee award is appropriate "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. §2412(d)(1)(A).  "The burden is on the Government to show that its position was substantially justified."  *Eames v. Bowen*, 864 F.2d 251, 252 (2d Cir. 1988).  The government has not attempted to satisfy that burden, nor do I find any "special circumstances" which would make an award unjust.

28 U.S.C. §2412(d)(2)(A) states that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  The hourly rate may be adjusted to account for inflation as determined by the Consumer Price Index ("CPI").  *See Isaacs v. Astrue*, 2009 WL 1748706, *3 (W.D.N.Y. 2009) ("[t]he current statutory cap of $125 per hour took effect in 1996 . . . and the Court may revise it upward to reflect inflation as determined by the [CPI]").  Plaintiff's Counsel contends, and this Court agrees that the effective hourly rate is $206.30, based on a CPI of 256.974.  Dkt. No. 21-1, p. 4.

Moreover, notwithstanding the Commissioner's objection, I find the number of hours devoted to this case, 41.3 hours, to be reasonable. Dkt. No. 21-2, p. 2. The record in this case was not insubstantial (approximately 1,120 pages), and Plaintiff alleged numerous errors made by the ALJ and the Appeals Council in her Motion for Judgment on the Pleadings. Dkt. No. 24, p. 3. *Tillack v. Berryhill*, No. 15-CV-6306-FPG, 2017 WL 3976308, at *2 (W.D.N.Y. Sept. 11, 2017) (granting EAJA fees for 45.2 hours of work, which was "slightly above the standard 20 to 40 hours" because the administrative transcript (1,038 pages) "was larger than what this Court typically sees in a Social Security case"); *Szefler v. Colvin*, 13-CV-1074, 2017 WL 372050, at *2 (W.D.N.Y. Jan. 26, 2017) (awarding EAJA fees for 46 hours of attorney time); *Banas v. Colvin*, No. 1:13-CV-01066 (MAT), 2016 WL 6805076, at *1-2 (W.D.N.Y. Nov. 16, 2016) (awarding EAJA fees for 48.5 hours of attorney time); *Scott v. Astrue*, 474 F. Supp. 2d 465, 467 (W.D.N.Y. 2007) (awarding EAJA fees for 51 hours of attorney time); *Jones v. Colvin*, No. 6:14-CV-06316 MAT, 2015 WL 6801830, at *4 (W.D.N.Y. Nov. 5, 2015)(finding that 46.8 hours of attorney time was reasonable).

This Court also finds that counsel's Declaration of Hours was clearly decipherable, in correct time increments, and made clear that clerical tasks were not included in the time records. Dkt. No. 21-2.

Finally, a prevailing party is entitled to compensation for the time spent litigating a fee application under the EAJA. *See Trichilo v. Sec'y of Health & Hum. Servs.*, 823 F.2d 702, 708 (2d Cir. 1987) ("[W]here the government's position in the underlying dispute has been found to be . . . not substantially justified, the reasonable

attorney's fee [P]laintiff is entitled to recover should encompass the time spent by counsel litigating the fee issue itself."); *Shaffer v. Comm'r of Soc. Sec.*, No. 16-CV-874-FPG, 2018 WL 5668511, at *4 (W.D.N.Y. Nov. 1, 2018) (Given counsel's success on the EAJA motion, the Court finds he is entitled to this additional compensation); *Montes o/b/o E.M.H. v. Comm'r of Soc. Sec.*, No. 17-CV-322-MJR, 2019 WL 2264967, at *3 (W.D.N.Y. May 28, 2019)(same).  In her Affidavit in Support of Plaintiff's Application for Additional Attorney's Fees, counsel states that she expended 3.0 hours reviewing Defendant's opposing brief, outlining her reply, researching EAJA fee case law, and preparing her memorandum of law.  At the hourly rate of $207.67 based on the February 2020 CPI, she is entitled to an additional $623.01 in fees.  As such, Plaintiff should be awarded $9,143.20 in EAJA fees.

## CONCLUSION

Based on the foregoing, Plaintiff's Motion for Attorney Fees (Dkt. No. 21) is granted and counsel is awarded additional fees to compensate her for defending the motion, resulting in a total award of $9,143.20.

**SO ORDERED.**

DATED:     Buffalo, New York
           November 19, 2021


                                        *s/ H. Kenneth Schroeder, Jr.*
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**